IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01514-BNB

SAMUEL P. SUTTON,

    Applicant,

v.

BLAKE R. DAVIS, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2009

GREGORY C. LANGHAM
CLERK

---

ORDER CONSTRUING 28 U.S.C. § 2241 ACTION AS A
PRISONER COMPLAINT AND DIRECTING
MR. SUTTON TO FILE A PRISONER COMPLAINT

---

Applicant, Samuel P. Sutton, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at USP Florence. He has submitted a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee.

The Court has reviewed the Application filed in this action and finds that Mr. Sutton is asserting civil rights claims rather than habeas corpus claims. Mr. Sutton complains that he has been placed in administrative detention and as a result is not allowed to enjoy the same privileges as he enjoyed in general population, including access to the law library, a telephone, recreation, religious services, commissary, and education programs. As relief, Mr. Sutton seeks discharge from confinement and compensatory damages.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release

from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991).

The Court will construe the pleading filed in this action liberally as asserting civil rights claims pursuant to **Bivens**. The Clerk of the Court will be directed to mail to Mr. Sutton the appropriate form for filing a Prisoner Complaint. Mr. Sutton will be ordered to complete this form and submit it to the Court if he wishes to pursue his claims. Mr. Sutton should name as defendants the individuals who allegedly have violated his rights.

Because the Court has determined that his action properly is construed as a **Bivens** action, Mr. Sutton is required to pay the $350.00 filing fee. **See** 28 U.S.C. § 1914(a). Alternatively, he may submit a properly completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 if he is unable to pay the entire filing fee at this time. If leave to proceed pursuant to § 1915 is granted, Mr. Sutton will be allowed to pay the balance of the filing fee in installments. **See** 28 U.S.C. § 1915(b). The $5.00 Mr. Sutton has submitted to the Court will be applied against the $350.00 filing fee. Accordingly, it is

ORDERED that Mr. Sutton cure the deficiencies designated above by filing a Prisoner Complaint and either by paying the remaining balance of the $350.00 filing fee or by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 **within thirty (30) days from the date of this order.** It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Sutton, together with a copy of this Order, two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if within the time allowed Mr. Sutton fails to cure the designated deficiencies the action will be dismissed without prejudice and without further notice.

DATED August 25, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01514-BNB

Samuel P. Sutton
Reg No. 13714-041
US Penitentiary
P.O. Box 7000
Florence, CO 81226-7000

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms** to the above-named individuals on 8/25/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk